Gilmore, C. J.
It is unnecessary to an understanding of the grounds upon which the decision is made to rest, to state the facts constituting the merits of the claim of the relators against the defendant company, as set forth in the petition, which is quite lengthy. It is sufficient to say' that the object of the proceeding is to obtain a mandamus to compel the Marietta and Cincinnati Railroad Company, as reorganized, to repair and operate that portion of its road, as originally located and constructed, lying between Warren’s station, in Athens county, and Scott’s Landing, in Washington county, about three miles from Marietta; the distance between the points named being over thirty miles; which, it is averred, has been measurably abandoned since 1876, and that the business of the defendant company has, since that time, been almost exclusively thrown over the Baltimore Short Line Railroad, from Warren’s station, above named, to Belpre, in Washington county, opposite to *156 Parkersburg, West Virginia. After stating tbe facts that it is claimed entitles the relator to the relief asked against the defendant compauy,the facts upon which the case turns are stated as follows: “ That said John King, Jr., has been appointed, by the Court of Common Pleas of Ross county, Ohio, and is now acting as receiver of said Marietta and Cincinnati Railroad Company, as reorganized, and wholly neglects and refuses to operate said road further east than Warren’s station, in Athens county,” etc. A supplemental petition has also been filed, which reads as follows: “ The plaintiff says that since the filing of the original petition herein, the said defendant, John King, Jr., has made, a report to the Court of Common Pleas of Ross county, being the same court that appointed him, that the expense of operating and running two trains per week each over the portion of such company’s road from the station called Scott’s Landing, in Washington county, to Big Run station [eight miles east of Warren station], in the edge of Athens county, during the year ending in July, 1879, exceeded by $2,000 or more the income from the business done, and that in order to the safe operating of said portion of said company’s road, it would be necessary to expend a large sum in repairs on the same; and said court thereupon directed said receiver to discontinue the running of trains over said portion of said company’s road, and he has, since the 25th of July, 1879, wholly discontinued the running of auy trains over said road, and abandoned the same.”
On the facts stated in the petition and supplemental petition, we unite in holding that even an alternative writ must be refused in this case.
It is true that the petition does not state the nature of the action pending in the Court of Common Pleas of Ross county; but in this collateral proceeding it will be presumed that the cause is one in which a receiver may be appointed, and that the court had jurisdiction to make the order mentioned in the supplemental petition. The code provides that a receiver may be appointed by the Supreme *157 Court, the district court, the court of common pleas, or by a judge of either, in the cases provided for.
Either of the courts named may take jurisdiction in a proper ease, and the jurisdiction of the court first acquiring it is exclusive, and can not be collaterally questioned in either of the others; the rule being that where there are courts of concurrent jurisdiction that the court possesses the case in which the jurisdiction first attaches. Per Read, J., in Merrill v. Lake, 16 Ohio, 405. It can not be doubted that the statute makes the courts above, named of equal and concurrent j urisdiction in the appointment of receivers in the eases provided for.
The receiver now has possession of the property and assets of the defendant company, and is administering the trust under the direction and orders of the court appointing him. That court has ordered him to discontinue the running of trains over a designated portion of the defendant company’s road. The defendant company is powerless to do any thing except by order of the court «which has taken away its power of control by the appointment of the receiver. The relators are here asking this court for a mandamus to compel this powerless company and its receiver to repair, resume, and continue the running of trains over that portion of the company’s road that the court of common pleas has ordered to be abandoned.
If the mandamos is awarded, as prayed for, and the defendants fail to obey it, the officers of the company and the receiver will be liable to the process of this court for contempt; and if, on the other hand, they obey it, they will be equally in contempt of the court of common pleas for disobeying its valid order. Under such circumstances, the mandamus will be refused.
In principle, Merrill v. Lake, supra; O. & I. R. R. v. The Commissioners of Wyandot County, 7 Ohio St. 278; Ex parte Fleming and another, 4 Hill, 581, are in point.
To avoid the effect of this rule of law, it is suggested in argument, in substance, that the court of common pleas and the receiver are acting for the benefit of the stockhold *158 ers and creditors alone, and that the jurisdiction of the court of common pleas is exclusive only so far as their ■rights are concerned; but that by the terms of the charter of the defendant company, it owes to the public the duty of repairing and operating the portion of its road in question, and that inasmuch as the court of common pleas has not jurisdiction to compel the performance of this duty to the public by mandamus, that this court, which has such jurisdiction, will compel the performance of such duty. The answer to this proposition is that the court of common pleas has full and complete jurisdiction of the case before it, and it is required to see, not only that the railroad company performs its duties to its stockholders and creditors, but also that it performs its charter duties to the public, and it has the same power to construe the charter in these respects as this court would have in a case properly before it involving the same questions. That court would, therefore, have power to decide the very questions that are made here upon 'application being properly made to it.

Writ refused.